UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY H. MUEGGE,

    Plaintiff,

v.                                                    Case No.  8:05-cv-354-T-24 MAP

HERITAGE OAKS GULF AND
COUNTRY CLUB, INC., ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants' three motions for attorneys' fees (Doc. No. 154, 156, 158). Plaintiff opposes these motions.[1] (Doc. No. 168). Accordingly, the Court will address each motion.

**I.  Background**

Plaintiff alleged in her complaint that Defendants were responsible for the theft of her jewelry, money, and papers that were located in a residence within the Club Homes III subdivision, which was located within the Heritage Oaks Golf and Country Club community. At the time that Plaintiff's property was taken, the exteriors of the houses within the Club Homes III subdivision were being painted by Cotton & Martin Custom Painting, Inc. ("Cotton & Martin"), and Plaintiff believes that Cotton & Martin's painters broke into the residence and took her property. Plaintiff bases this belief on the fact that she found seven paint splotches on the driveway of the residence and some paint splotches inside the residence. As a result, Plaintiff

---

[1] The Court notes that Plaintiff's response in opposition does not comply with Local Rule 3.01, since it does not contain a memorandum of legal authority.

filed suit on February 24, 2005, asserting the following claims: (1) a negligence claim against Heritage Oaks Club Homes III Association, Inc. ("Club Homes III"), which hired Cotton & Martin to paint the exteriors of the houses; (2) a negligence claim against Argus Property Management, Inc., the property management company that solicited and screened bids for the painting project for Club Homes III; (3) a claim for negligent hiring, retention, and supervision against Cotton & Martin; (4) a respondeat superior claim against Cotton & Martin for the acts of its painters allegedly taking her property; and (5) a claim against Ted Martin (the President of Cotton & Martin) and the painters (Thomas Haack, Scott McCormack, and Michael Lunsmann) for taking her property.

Defendants moved for summary judgment, arguing that they were entitled to summary judgment on all of the claims. The Court granted the motions for summary judgment (Doc. No. 151), finding, among other things, that Plaintiff did not submit sufficient evidence to create a genuine issue of material fact as to whether the painters and/or Ted Martin took Plaintiff's property. Thereafter, Defendants filed the instant motions for attorneys' fees and costs, pursuant to Florida's Offer of Judgment Statute, § 768.79.[2] After the motions for fees and costs were filed, Plaintiff filed a notice of appeal of the judgment entered in this case. (Doc. No. 161).

**II. Florida Statute § 768.79**

Defendants move for attorneys' fees and costs pursuant to Florida's Offer of Judgment Statute, § 768.79, which provides: "In any civil action for damages filed in the courts of this

---

[2]Defendants also move pursuant to Federal Rule of Civil Procedure 68, which is the federal rule for offers of judgment. However, Rule 68 is inapplicable to this case, since Plaintiff did not obtain a judgment in her favor. See Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981).

state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability . . .." Fla. Stat. § 768.79(1). In order to be entitled to fees and costs, the offer of judgment must (1) be in writing and state that it is made pursuant to Florida Statute § 768.79; (2) name the party making the offer and name the party to whom the offer is made; (3) state with particularity the amount offered to settle a claim for punitive damages, if any; and (4) state the total amount of the offer. Fla. Stat. § 768.79(2).

If the plaintiff rejects an offer that complies with the requirements of § 768.79 and does not obtain a judgment against the defendant, the court must award the defendant its fees and costs, unless the court, in its discretion, determines that the offer was not made in good faith. Fla. Stat. § 768.79(7)(a); Vines v. Mathis, 867 So. 2d 548, 550 (Fla. 1st DCA 2004). If the court finds that the offer was not made in good faith, the court may disallow the award of fees and costs. Fla. Stat. § 768.79(7)(a).

"The burden is on the offeree to prove the absence of good faith." See Camejo v. Smith, 774 So. 2d 28, 29 (Fla. 2d DCA 2000)(citation omitted); see also Schmidt v. Fortner, 629 So. 2d 1036, 1041 n.6 (Fla. 4th DCA 1993). In determining whether the offer was made in good faith, the court considers whether the offeror had a reasonable foundation upon which to make the offer. See Camejo, 774 So. 2d at 29 (citations omitted). However, the offeror is not required to "possess, at the time he makes the offer, the kind or quantum of evidence needed to support a judgment." Donohoe v. Starmed Staffing, Inc., 743 So. 2d 623, 625 (Fla. 2d DCA 1999)(citation

omitted).

Proof that an offer was made in "bad faith requires a showing beyond the mere amount of the offer." Fox v. McCaw Cellular Communications of Florida, Inc., 745 So. 2d 330, 333 (Fla. 4th DCA 1998). "A nominal offer is appropriate where the offeror has a reasonable basis to believe that exposure to liability is minimal." Zachem v. Paradigm Properties Management Team, Inc., 867 So. 2d 1263, 1263 (Fla. 1st DCA 2004). The determination of whether an offer was made in bad faith involves a matter of discretion and is to be determined from the facts and circumstances surrounding the offer. See Fox, 745 So. 2d at 333.

If the plaintiff rejects an offer that complies with the requirements of § 768.79 and does not obtain a judgment against the defendant, and if the plaintiff does not show that the offer was not made in good faith, then the court must determine that reasonableness of the fees and costs requested. Fla. Stat. § 768.79(7)(b). In considering the reasonableness of the fees and costs requested, the court considers the factors set forth in Florida Statute § 768.79(7)(b), including "[t]he then apparent merit or lack of merit in the claim" and "[t]he closeness of questions of fact and law at issue."

### III. Motions for Attorneys' Fees and Costs

Defendants filed the instant motions for attorneys' fees and costs. In response, Plaintiff makes three arguments: (1) the Court lacks jurisdiction to consider these motions, since Plaintiff has filed a notice of appeal of the judgment entered in this case; (2) the defense attorneys lack standing to seek reimbursement of attorneys' fees and costs, because they were hired and paid by insurance companies, and the insurance companies must file separate suits against her for reimbursement; and (3) the offers of judgment were made in bad faith. For the reasons stated

below, the Court rejects these arguments.

Plaintiff first argues that the Court lacks jurisdiction to consider these motions, since Plaintiff has filed a notice of appeal of the judgment entered in this case. The Court rejects this argument, since the Advisory Committee notes to the 1993 amendments to Federal Rule of Civil Procedure 54(d)(2) provide that if an appeal on the merits of the case is taken, the court may still rule on a motion for attorneys' fees. See also Bowers v. Universal City Development Partners, Ltd., 2005 WL 1243745, at * 1-2 (M.D. Fla. May 19, 2005)(noting the alternatives in the Advisory Committee notes).

Next, Plaintiff argues that the defense attorneys lack standing to seek reimbursement of attorneys' fees and costs, because they were hired and paid by insurance companies, and the insurance companies must file separate suits against her for reimbursement. The Court rejects this argument, as § 768.79 provides that "the defendant shall be entitled to recover reasonable costs and attorney's fees incurred . . . on the defendant's behalf pursuant to a policy of liability insurance." Fla. Stat. § 768.79(1).

Next, Plaintiff argues that the offers of judgment were made in bad faith. Accordingly, the Court will consider each of the defendant's offers of judgment.

### A. Defendants Ted Martin and Cotton & Martin

Defendants Ted Martin and Cotton & Martin submitted offers of judgment to Plaintiff that complied with the requirements of § 768.79(2) on June 23, 2005. (Doc. No. 155, Roddy affidavit: Ex. A, B). These defendants each made offers of $250. (Doc. No. 155, Roddy affidavit: Ex. A, B). As such, these defendants are entitled to their fees and costs unless Plaintiff meets her burden of showing that the offers were not made in good faith. Plaintiff has not

5

substantiated or explained why she believes that the offers were not made in good faith beyond stating that the offers were made in bad faith, were insufficient, and were a ruse to later claim fees and costs. The Court finds that these allegations are not sufficient to show that the offers were not made in good faith.

Furthermore, the Court notes that defense counsel submitted an affidavit explaining the reasonable basis for these defendants' offers of judgment, in which he stated:

> These offers were made in good faith based on our assessment of the value of the case at that time. In the original police report, the Plaintiff claimed loss of only $10,000 plus two bracelets and some coins. That loss had increased to $78,750 by the time of the initial Complaint. By the time of these offers, we had investigated the claims and the potential liabilities of our clients, including the lack of evidence supporting the alleged burglary, reviewed the Plaintiff's written statements and the police reports, and exchanged information with other defendants. We took into consideration that the Plaintiff was pro se and refused to hire an attorney to help her with this case. We had also researched the lack of liability by Cotton & Martin or Ted Martin based on the Plaintiff's theories of respondeat superior, negligence, or direct involvement in the alleged burglary, and had determined that o determination was based on knowledge that the painters were authorized to work only outside the dwellings where the alleged burglary occurred, knowledge of Cotton & Martin's background investigation of the painters, and the lack of any prior problems with the crew members working that job. We also knew that Ted Martin himself was not even on the premises on the day of the alleged burglary, and therefore could not personally have participated.

(Doc. No. 155, Roddy affidavit, ¶ 3). As such, the Court finds that these defendants are entitled to reasonable fees and costs, since they made offers in good faith that complied with the requirements of § 768.79 and that were not accepted by Plaintiff.

"In determining a reasonable award of attorney's fees, the Court utilizes the lodestar method, which considers the reasonable hourly rate multiplied by the reasonable hours." Pinchinat v. Graco Children's Products, Inc., 2005 WL 1459409, at *1 (M.D. Fla. June 20, 2005)(citations omitted). The Court notes that Plaintiff did not specifically object to the hourly

rate charged by defense counsel or the amount of time spent by defense counsel working on this case.

Defense counsel's rate in this matter was $125 per hour, and defense counsel submitted an affidavit as to the reasonableness of this rate. (Doc. No. 155, Carter affidavit, ¶ 4). The Court finds that this is a reasonable hourly rate, as it is at or below the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. Furthermore, the Court finds that the 153.5 hours spent on this case after June 23, 2005 was reasonable. Defense counsel submitted their billing records in support of these hours.[3] (Doc. No. 155, Roddy affidavit: Ex. F). Accordingly, after considering the factors set forth in § 768.79(7)(b) regarding the reasonableness of the award, the Court finds that an award of $19,187.50 in attorneys' fees is reasonable, especially given the complete lack of evidence in support of Plaintiff's claim.

Additionally, defense counsel requests reimbursement for $4,124.68 in costs. These costs consist of amounts paid for: (1) travel to Indiana for deposition, (2) expert expenses, (3) deposition transcripts, (4) mediation costs, and (5) Scott Carter's review of the reasonableness of the attorneys' fees and costs requested. (Doc. No. 155, Roddy affidavit: Ex. G; Doc. No. 155, Carter affidavit, ¶ 5). The Court finds that these costs are reasonable and notes that Plaintiff did not specifically object to the reasonableness of any of these costs.

Accordingly, the Court awards these defendants $19,187.50 in attorneys' fees and $4,124.68 in costs.

---

[3] Defense counsel submitted billing records in support of 148.5 hours and stated that they estimated that they spent an additional five hours on the motion for attorneys' fees.

**B.  Defendants Club Homes III and Argus Property Management, Inc.**

Club Homes III and Argus Property Management, Inc. submitted offers of judgment to Plaintiff that complied with the requirements of § 768.79(2) on July 12, 2005.  (Doc. No. 157).  These defendants each made offers of $250.  (Doc. No. 157).  As such, these defendants are entitled to their fees and costs unless Plaintiff meets her burden of showing that the offers were not made in good faith.  Plaintiff has not substantiated or explained why she believes that the offers were not made in good faith beyond stating that the offers were made in bad faith, were insufficient, and were a ruse to later claim fees and costs.  The Court finds that these allegations are not sufficient to show that the offers were not made in good faith.  As such, the Court finds that these defendants are entitled to reasonable fees and costs, since they made offers in good faith that complied with the requirements of § 768.79 and that were not accepted by Plaintiff.

In determining a reasonable award of attorneys' fees, the Court notes that Plaintiff did not specifically object to the hourly rates charged by defense counsel or the amount of time spent by defense counsel working on this case.  The defense in this case consisted of two attorneys and one paralegal.  The attorneys' rates were $135 per hour for Mr. Preston and $110 per hour for Mr. Garland; the paralegal's rate was $65 per hour.[4]  (Doc. No. 159).  Defense counsel submitted an affidavit as to the reasonableness of these rates.  (Doc. No. 163, Lumpkin affidavit, ¶ 4).  The Court finds that these are reasonable hourly rates, as they are at or below the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.  Furthermore, the Court finds that 126.2 hours spent by Mr.

---

[4]One hour billed by the paralegal on April 25, 2006 will billed at a rate of $45 per hour.

Preston, 90.7 hours spent by Mr. Garland, and 36 paralegal hours spent on this case after July 12, 2005 was reasonable. Defense counsel submitted their billing records in support of these hours. (Doc. No. 165). Accordingly, after considering the factors set forth in § 768.79(7)(b) regarding the reasonableness of the award, the Court finds that an award of $29,334.00 in attorneys' fees is reasonable, especially given the complete lack of evidence in support of Plaintiff's claim.

Additionally, defense counsel requests reimbursement for $4,928.89 in costs.[5] These costs consist of amounts paid for: (1) travel expenses for depositions, (2) expert expenses, (3) depositions, and (4) mediation costs. (Doc. No. 163: Affidavit of Legal Costs and Lumpkin affidavit. The Court finds that these costs are reasonable and notes that Plaintiff did not specifically object to the reasonableness of any of these costs.

Accordingly, the Court awards these defendants $29,334.00 in attorneys' fees and $4,928.89 in costs.

### C. Defendants Thomas Haack, Scott McCormack, and Michael Lunsmann

Defendants Haack, McCormack, and Lunsmann submitted offers of judgment to Plaintiff that complied with the requirements of § 768.79(2) on November 15, 2005. (Doc. No. 169). These defendants each made offers of $250. (Doc. No. 169). As such, these defendants are entitled to their fees and costs unless Plaintiff meets her burden of showing that the offers were not made in good faith. Plaintiff has not substantiated or explained why she believes that the offers were not made in good faith beyond stating that the offers were made in bad faith, were

---

[5] There are different amounts for total costs throughout these defendants' filings. The Court bases its award of costs on the Affidavit of Legal Costs (Doc. No. 163) and then recalculating the amount attributable to Mr. Lumpkin for reviewing the reasonableness of fees and costs (based on Mr. Lumpkin's affidavit that he spent 2.5 hours at a rate of $250 per hour). (Doc. No. 163, Lumpkin affidavit, ¶ 5)

insufficient, and were a ruse to later claim fees and costs.  The Court finds that these allegations are not sufficient to show that the offers were not made in good faith.

Furthermore, the Court notes that defense counsel submitted an affidavit explaining the reasonable basis for these defendants' offers of judgment, in which Mr. Kapusta stated:

> These offers were made in good faith based upon our assessment of the value of the case at that time.  Our clients adamantly denied any involvement in the theft as alleged by the Plaintiff, and the Plaintiff provided no evidence whatsoever that linked either Lunsmann, Haack, or McCormack to the alleged crime.

(Doc. No. 160, Kapusta affidavit, ¶ 11).  As such, the Court finds that these defendants are entitled to reasonable fees and costs, since they made offers in good faith that complied with the requirements of § 768.79 and that were not accepted by Plaintiff.

In determining a reasonable award of attorneys' fees, the Court notes that Plaintiff did not specifically object to the hourly rate charged by defense counsel or the amount of time spent by defense counsel working on this case.  The defense in this case consisted of two attorneys.  Mr Kapusta's rate was $115 per hour, and Ms. Moneymaker's rate was $110 per hour.  (Doc. No. 160, Kapusta affidavit, ¶ 4).  Defense counsel submitted an affidavit as to the reasonableness of these rates.  (Doc. No. 166, Waskom affidavit, ¶ 4).  The Court finds that these are reasonable hourly rates, as they are at or below the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.  Furthermore, the Court finds that 4.4 hours spent by Mr. Kapusta and 38.2 hours spent by Ms. Moneymaker after November 15, 2005 was reasonable.  Defense counsel submitted their billing records in support of these hours.  (Doc. No. 160).  Additionally, defense counsel states that they estimate spending a total of ten hours relating to the motion for attorneys' fees (not included in the hours previously mentioned).  The Court finds that ten hours is not reasonable, and reduces

the time to five hours. Defense counsel did not state which attorney worked on the attorneys' fees motion, so the Court will presume that each attorney spent 2.5 hours on the motion. Accordingly, after considering the factors set forth in § 768.79(7)(b) regarding the reasonableness of the award, the Court finds that an award of $5,270.50 in attorneys' fees is reasonable, especially given the complete lack of evidence in support of Plaintiff's claim.

Additionally, defense counsel requests reimbursement for $26.33 in costs for copies and postage, plus $250 for Mr. Waskom's review of the reasonableness of the fees and costs requested. (Doc. No. 160; Doc. No. 166, Waskom affidavit, ¶ 5). The Court finds that these costs, totaling 276.33, are reasonable and notes that Plaintiff did not specifically object to the reasonableness of any of these costs.

Accordingly, the Court awards these defendants $5,270.50 in attorneys' fees and $276.33 in costs.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Ted Martin and Cotton & Martin's Motion for Attorneys' Fees and Costs (Doc. No. 154) is **GRANTED**, and the Court awards these defendants a total of $19,187.50 in attorneys' fees and $4,124.68 in costs.

(2) Club Homes III and Argus Property Management's Motion for Attorneys' Fees and Costs (Doc. No. 156) is **GRANTED** to the extent that the Court awards these defendants a total of $29,334.00 in attorneys' fees and $4,928.89 in costs.

(3) Thomas Haack, Scott McCormack, and Michael Lunsmann's Motion for Fees and

Costs (Doc. No. 158) is **GRANTED** to the extent that the Court awards these defendants a total of $5,270.50 in attorneys' fees and $276.33 in costs.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of June, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiff