UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY H. MUEGGE,

     Plaintiff,

v.                                                   Case No. 8:05-cv-354-T-24 MAP

HERITAGE OAKS GULF AND
COUNTRY CLUB, INC., ET AL.,

     Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff's motion (Doc. No. 173) titled, "Motion for Newly Discovered Evidence Rule 60 F.R.C.P.," which this Court construes as a motion for relief from judgment on the basis of newly discovered evidence, pursuant to Federal Rule of Civil Procedure 60(b)(2).

### I. Background

This Court granted Defendants' motions for summary judgment on April 19, 2006. (Doc. No. 151). Thereafter, Plaintiff appealed the Court's order. (Doc. No. 162). This case is currently on appeal. However, this Court has jurisdiction to consider the instant motion and deny it, if appropriate, because such an action is in furtherance of the appeal.[1] See Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003).

### II. Rule 60(b) Motion

Rule 60(b)(2) provides that the court may relieve a party from a final judgment due to

---

[1] A district court may not grant a Rule 60 motion that is filed after a notice of appeal is filed. See Mahone, 326 F.3d at 1180. Instead, if the district court believes that the Rule 60 motion is meritorious, it may indicate that in an order and the movant can petition the appellate court to remand the matter to the district court. See id.

"newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial." Plaintiff, however, has not shown that she is entitled to such relief.

In her motion, Plaintiff appears to argue that she has discovered new information that contradicts deposition testimony that she gave in this case.[2] However, Plaintiff has not explained why this "new" evidence could not have been presented prior to the Court's ruling on the motions for summary judgment or presented in time to move for a new trial pursuant to Rule 59(b). Instead, it appears that Plaintiff is merely citing to portions of the record that existed in the case prior to the Court's ruling on the summary judgment motions. As such, Plaintiff has not shown that this is newly discovered evidence as contemplated by Rule 60 that would entitle her to relief from judgment, and instead, the Court finds that the motion must be denied.[3]

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's motion for relief from judgment (Doc. No. 173) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of September, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiff

---

[2] The deposition testimony at issue is contained at Doc. No. 117-4, p. 519-521 of the document; p. 260-261 of the deposition.

[3] Furthermore, it appears that she is arguing in the motion that the "new evidence" shows that Defendant Heritage Oaks Golf and Country Club is responsible for her loss. However, as noted in the Court's summary judgment order, Plaintiff did not even assert a specific claim against this defendant; all she did was name it in the complaint. As such, there is no claim against this defendant for which liability can be imposed.