UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY H. MUEGGE,

        Plaintiff,

v.                                    Case No.  8:05-cv-354-T-24 MAP

HERITAGE OAKS GULF AND
COUNTRY CLUB, INC., ET AL.,

        Defendants.
_____/

**ORDER**

       This cause comes before the Court on Plaintiff's motion (Doc. No. 188), which the Court construes as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(3). Rule 60(b)(3) provides that a court may relieve a party from a final judgment due to fraud, misrepresentation, or other misconduct of an adverse party.

**I.  Background**

       This Court granted Defendants' motions for summary judgment on April 19, 2006.  (Doc. No. 151).  Thereafter, Plaintiff appealed the Court's order, and the Eleventh Circuit affirmed. (Doc. No. 179).  On September 15, 2006, this Court denied Plaintiff's previous motion for relief from judgment under Rule 60(b)(2).  (Doc. No. 174).

**II.  Rule 60(b)(3) Motion**

       "'To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. The moving party must also demonstrate that the conduct prevented them from fully presenting his case.'" <u>Solomon v. Dekalb County, Georgia</u>, 154 Fed. Appx. 92, 94 (11th Cir. 2005)(quoting <u>Waddell v. Hendry</u>

County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003).  Plaintiff, however, has not shown that she is entitled to such relief.

In her motion, Plaintiff appears to argue that Tom Wall, President of Defendant Heritage Oaks Club Homes III Association, Inc. ("Club Homes III"), gave deposition testimony that was incomplete and untrue.  It appears that Plaintiff contends that Tom Wall did not disclose that Defendant Argus Property Management, Inc. ("Argus") had a duty to supervise the painter defendants in this case.  However, it is unclear as to what evidence exists that shows that Argus had such a duty, as Plaintiff does not attach any documents to her motion showing that Argus had such a duty.[1]  Instead, Plaintiff's motion is both rambling and confusing, and she certainly has not clearly shown the Court that Tom Wall made any misrepresentations during his deposition.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's motion for relief from judgment under Rule 60(b)(3) (Doc. No. 188) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of April, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiff

---

[1]The only document attached to the motion is Argus and Club Homes III's responses to Plaintiff's interrogatories, and the interrogatory questions are not attached.

2