UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY H. MUEGGE,

      Plaintiff,

v.                                    Case No.  8:05-cv-354-T-24 MAP

HERITAGE OAKS GULF AND
COUNTRY CLUB, INC., ET AL.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants Lunsmann, McCormack, and Haack's

Motion for Award of Appellate Attorneys' Fees.  (Doc. No. 187).  Plaintiff, proceeding pro se,

filed a response in opposition.  (Doc. No. 190).

This Court granted summary judgment in favor of Defendants on Plaintiff's claims.

(Doc. No. 151).  Plaintiff appealed, and the Eleventh Circuit affirmed this Court's decision.

(Doc. No. 179).  Additionally, the Eleventh Circuit transferred consideration of Defendants'

motion for attorneys' fees to this Court.  (Doc. No. 176).

Defendants seek appellate attorneys' fees for 38.1 hours expended on the appeal[1] at a rate

of $110 per hour.  Defendants are entitled to appellate attorneys' fees, because: (1) the Court has

already found that Defendants submitted offers of judgment that complied with Florida's Offer

of Judgment Statute, Florida Statute § 768.79, and Plaintiff did not show that the offers were not

made in good faith (Doc. No. 170); and (2) section 768.79 applies to fees incurred on appeal.

---

[1]Defendants submitted an affidavit substantiating 35.1 hours of appellate work, and they
estimate that three hours would be spent litigating appellate attorneys' fees.  (Doc. No. 186).

See Motter Roofing, Inc. v. Leibowitz, 833 So. 2d 788, 788 (Fla. 3d DCA 2002)(citations

omitted).  Plaintiff's objections to the motion focus mostly on her belief as to the merits of her

underlying claims and other defendants' alleged failure to cooperate in discovery and make

complete and truthful disclosures; she does not specifically object to the number of hours

expended or the rate per hour charged.

The Court has reviewed the affidavit submitted in support of the attorneys' fees request.

The Court notes that Defendants state in their motion that they are seeking $3,465.00 in appellate

attorneys' fees, while they state in the affidavit that they are seeking $3,245.00 in appellate

attorneys fees.  Furthermore, the Court notes that 38.1 hours multiplied by a rate of $110 per

hour equals $4,191.  Given the inconsistent amounts sought and given that the attorney states in

his affidavit that the total fees equal $3,245, the Court will consider $3,245 as the amount that

Defendants are seeking.

The Court has reviewed the explanation of fees attached to the affidavit and finds that the

hourly rate and hours expended were reasonable and appropriate.  Furthermore, the Court has

considered the factors set forth in Florida Statute § 768.79(7)(b) and finds that attorneys' fees in

the amount of $3,245 to be appropriate.[2]  As such, the Court awards Defendants Lunsmann,

McCormack, and Haack's defense counsel $3,245 in appellate attorneys' fees.

Accordingly, it is ORDERED AND ADJUDGED that Defendants Lunsmann,

McCormack, and Haack's Motion for Award of Appellate Attorneys' Fees (Doc. No. 187) is

---

[2]The Court notes that the only two factors of § 768.79 even marginally addressed in Plaintiff's objections go to the merit of her claim and Defendants' alleged refusal to furnish information.  However, the Court finds that Plaintiff has not shown the then-apparent merit of her claims or appeal or that these defendants unreasonably refused to furnish information necessary to evaluate the reasonableness of their offers of judgment.

**GRANTED**, and their counsel is awarded $3,245 in appellate attorneys' fees.

        **DONE AND ORDERED** at Tampa, Florida, this 25th day of April, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiff