UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY H. MUEGGE,

      Plaintiff,

v.                                        Case No. 8:05-cv-354-T-24 MAP

HERITAGE OAKS GULF AND
COUNTRY CLUB, INC., ET AL.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's "Response to Document 189," which this Court construes as a motion to reconsider the Court's order (Doc. No. 189) denying Plaintiff's prior construed motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(3). (Doc. No. 192). It also appears that Plaintiff may be making the instant motion under Rule 60(b)(1), (2), (4), and (5).

**I. Background**

This Court granted Defendants' motions for summary judgment on April 19, 2006. (Doc. No. 151). Judgment was entered against Plaintiff on April 20, 2006. (Doc. No. 153). Thereafter, Plaintiff appealed the Court's order, and the Eleventh Circuit affirmed. (Doc. No. 179).

**II. Relief Under Rule 60(b)**

With regards to relief under Rule 60(b)(2) and (3) due to newly discovered evidence and fraud, the Court has already denied Plaintiff the requested relief (Doc. No. 174, 189), and as such, it appears that Plaintiff is asking the Court to reconsider those orders. There are three

major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted).  The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly.  See id. (citations omitted).  In the instant case, with regards to relief under Rule 60(b)(2) and (3), Plaintiff is merely attempting to re-assert her prior arguments.  However, Plaintiff has not persuaded the Court that reconsideration is warranted or that relief is available to her under Rule 60(b)(2) or (3).

Rule 60(b)(2) provides that the court may relieve a party from a final judgment due to "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial."  Plaintiff appears to base her Rule 60(b)(1) motion on the fact that a management agreement was allegedly not provided to her.  However, that management agreement was discussed and identified as Exhibit 3 during Tom Wall's deposition on September 26, 2005 (Doc. No. 120: Wall depo, p. 30), and as such, it could have been discovered in time to move for a new trial.[1]

With regards to relief under Rule 60(b)(3), Plaintiff has not shown by clear and convincing evidence that Defendants obtained judgment through fraud, misrepresentations, or other misconduct.  Plaintiff points to Tom Wall's deposition testimony and suggests that Wall lied during his deposition regarding Argus Property Management's duty to supervise the painters.  She bases this argument on the management agreement between Argus and Heritage

---

[1] Additionally, the management agreement was filed with the Court on December 15, 2005.  (Doc. No. 126).

2

Oaks Club Homes, III, in which Argus agrees to "[s]upervise and arrange for all contractual services." (Doc. No. 126). However, the duty to supervise in the management agreement could be interpreted to mean that Argus agreed to supervise the work being done to make sure that it was done as contracted for, not to supervise the contracted *workers* that performed the work. Such an interpretation is consistent with Wall's deposition testimony, in which he stated that Argus did not supervise any men on the grounds and that it did not undertake to provide security for the residents. (Doc. No. 120: Wall depo, p. 31, 79, 114, 116). As such, the Court finds that Plaintiff has not shown by clear and convincing evidence that Wall's deposition testimony is fraudulent or that it consists of misrepresentations.

With regards to relief under Rule 60(b)(1), the motion is untimely, because it was filed more than a year after judgment was entered in this case. With regards to relief under Rule 60(b)(4), Plaintiff has not shown that the judgment is void. With regards to relief under Rule 60(b)(5), Plaintiff has not shown that "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."

### III. Conclusion

Accordingly, the Court finds that Plaintiff has not shown that relief is available to her under Rule 60(b)(1), (2), (3), (4), or (5). As such, it is ORDERED AND ADJUDGED that Plaintiff's "Response to Document 189," which this Court construes as a motion for relief from judgment under Rule 60(b) (Doc. No. 192) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of May, 2007.

Copies to:
Counsel of Record
Pro Se Plaintiff

SUSAN C. BUCKLEW
United States District Judge

3