UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY H. MUEGGE,

    Plaintiff,

v.                                            Case No. 8:05-cv-354-T-24 MAP

HERITAGE OAKS GULF AND
COUNTRY CLUB, INC., ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants Club Homes III and Argus Property Management's Motion for Award of Appellate Attorneys' Fees. (Doc. No. 193). Plaintiff, proceeding pro se, filed a response in opposition. (Doc. No. 199). The response in opposition can also be construed as a motion to reconsider the prior awards of attorneys' fees and to reconsider the Court's prior orders denying her motions to set aside the judgment.

**I. Background**

Plaintiff filed her lawsuit on February 24, 2005 due to the alleged theft of her jewelry and other personal items. Club Homes III and Argus Property Management submitted offers of judgment to Plaintiff on July 12, 2005. (Doc. No. 157). These defendants each made offers of $250. (Doc. No. 157). Plaintiff did not accept these offers. Thereafter, on April 19, 2006, this Court granted summary judgment in favor of Defendants on Plaintiff's claims. (Doc. No. 151). Plaintiff appealed, and the Eleventh Circuit affirmed this Court's decision. (Doc. No. 179). Additionally, the Eleventh Circuit transferred consideration of Defendants' motion for attorneys' fees to this Court. (Doc. No. 176).

## II.  Club Homes III and Argus Property Management's Motion for Attorneys' Fees

Defendants seek $19,471.00 in appellate attorneys' fees for 171.1 hours expended on the appeal.  Defendants' attorney, Richard Garland, charged $110 per hour for 146 hours of appellate work, and he charged $135 for 21.6 hours of appellate work.  Defendants' other attorney, David Preston, charged $135 per hour for 2 hours of appellate work and $150 per hour for 1.5 hours of appellate work.

Plaintiff argues that the offers were not made in good faith.  Specifically, she argues that bad faith is shown by the amount of the offers, by the fact that Defendants did not turn over a management agreement, and because they intimidated and harassed her during mediation.  The Court rejects these arguments.

> As stated in the Court's prior order:
>
> The burden is on the offeree to prove the absence of good faith." See Camejo v. Smith, 774 So. 2d 28, 29 (Fla. 2d DCA 2000)(citation omitted); see also Schmidt v. Fortner, 629 So. 2d 1036, 1041 n.6 (Fla. 4th DCA 1993).  In determining whether the offer was made in good faith, the court considers whether the offeror had a reasonable foundation upon which to make the offer.  See Camejo, 774 So. 2d at 29 (citations omitted).  However, the offeror is not required to "possess, at the time he makes the offer, the kind or quantum of evidence needed to support a judgment." Donohoe v. Starmed Staffing, Inc., 743 So. 2d 623, 625 (Fla. 2d DCA 1999)(citation omitted).
>     Proof that an offer was made in "bad faith requires a showing beyond the mere amount of the offer." Fox v. McCaw Cellular Communications of Florida, Inc., 745 So. 2d 330, 333 (Fla. 4th DCA 1998).  "A nominal offer is appropriate where the offeror has a reasonable basis to believe that exposure to liability is minimal." Zachem v. Paradigm Properties Management Team, Inc., 867 So. 2d 1263, 1263 (Fla. 1st DCA 2004).  The determination of whether an offer was made in bad faith involves a matter of discretion and is to be determined from the facts and circumstances surrounding the offer.  See Fox, 745 So. 2d at 333.

(Doc. No. 170).  As such, the mere amount of the offer is not sufficient to show bad faith.  In this case, Plaintiff did not produce evidence from which a jury could find that any of the defendants

2

were liable to her. As such, a nominal offer based on the facts known to the parties on July 12, 2005 was reasonable, given the obvious difficulty in Plaintiff proving her case with no eyewitnesses to the incident.

Furthermore, the Court finds that Plaintiff has not shown that Defendants' counsel harassed and intimidated her such that their offers were made in bad faith. Instead, Defendants' counsel vigorously advocated their clients' position.

With regards to the failure to turn over the management agreement, the Court rejects Plaintiff's argument that this should negate Defendants' entitlement to attorneys' fees. Plaintiff argues that she needed the management agreement in order to adequately respond to Defendants' motions for summary judgment. Plaintiff does not argue that the management agreement was necessary in order for her to evaluate the reasonableness of these defendants' offers. Regardless of whether Plaintiff needed the management agreement in order to respond to the motions for summary judgment that were filed five months after the offers of judgment were made, such does not go to whether these defendants made their offers of judgment in bad faith.

Finally, the Court notes that it already addressed the issue of bad faith in a prior order on attorneys' fees. (Doc. No. 170). In that order, the Court found that Plaintiff had not shown that the offers were not made in good faith. Plaintiff has still not made such a showing.

Accordingly, the Court finds that Defendants are entitled to appellate attorneys' fees, because: (1) the Court has already found that Defendants submitted offers of judgment that complied with Florida's Offer of Judgment Statute, Florida Statute § 768.79, and Plaintiff did not show, and has not shown, that the offers were not made in good faith (Doc. No. 170); and (2) § 768.79 applies to fees incurred on appeal. See Motter Roofing, Inc. v. Leibowitz, 833 So. 2d

<mark>3</mark>

788, 788 (Fla. 3d DCA 2002)(citations omitted).  As such, Defendants will be awarded appellate attorneys' fees.  The Court must determine a reasonable amount to award.

As stated above, Defendants seek $19,471.00 in appellate attorneys' fees for 171.1 hours expended on the appeal.  Plaintiff does not specifically object to the number of hours expended or the rate per hour charged.

The Court has reviewed the affidavit submitted in support of the attorneys' fees request and the billing statements attached thereto.  (Doc. No. 195).  The Court finds that the rates charged were reasonable and appropriate.  Additionally, the Court finds that the hours expended were reasonable and appropriate.  Furthermore, the Court has considered the factors set forth in Florida Statute § 768.79(7)(b) and finds that attorneys' fees in the amount of $19,471.00 to be appropriate.[1]  As such, the Court awards Defendants Club Homes III and Argus Property Management $19,471.00 in appellate attorneys' fees.

### III.  Construed Motion to Reconsider

Plaintiff's response to the instant motion can also be construed as a motion to reconsider the prior awards of attorneys' fees and to reconsider the Court's prior orders denying her motions to set aside the judgment.  The Court has already ruled on several motions to reconsider (Doc. No. 182, 184, 197) and motions for relief from judgment (Doc. No. 174, 189).  The Court has fully considered all of Plaintiff's prior motions and arguments, and further reconsideration is

---

[1]The Court notes that only two factors of § 768.79 were even marginally addressed in Plaintiff's objections: (1) the merit of her claim and (2) Defendants' alleged refusal to furnish the management agreement.  However, the Court finds that Plaintiff has not shown the then-apparent merit of her claims or appeal or that Plaintiff requested the management agreement prior to July 12, 2005 (or that Defendants were required to turn it over to her prior to that date) and that these defendants unreasonably refused to furnish it or any other information necessary to evaluate the reasonableness of their offers of judgment.

not warranted, as Plaintiff is merely attempting to re-argue prior arguments. Accordingly, to the extent that Plaintiff's response is another motion for reconsideration, the motion is denied.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendants Club Homes III and Argus Property Management's Motion for Award of Appellate Attorneys' Fees (Doc. No. 193) is **GRANTED**, and their counsel is awarded $19,471.00 in appellate attorneys' fees.

(2) To the extent that Plaintiff's response (Doc. No. 199) can be considered a motion to reconsider the prior awards of attorneys' fees and to reconsider the Court's prior orders denying her motions to set aside the judgment, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of May, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiff